# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-CT-01733-SCT

*IRIS M. WILNER*

*v.*

*M. NEIL WHITE, M.D., AND GULF COAST*
*OB/GYN, P.A.*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 07/16/2003 |
| TRIAL JUDGE: | HON. KATHY KING JACKSON |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | JACK C. PICKETT |
| | HENRI M. SAUNDERS |
| ATTORNEYS FOR APPELLEES: | JOHN A. BANAHAN |
| | MATTHEW FLOYD JONES |
| | MELINDA OWEN JOHNSON |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED; THE JUDGMENT OF THE CIRCUIT COURT OF JACKSON COUNTY IS REINSTATED AND AFFIRMED - 05/18/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**CARLSON, JUSTICE, FOR THE COURT:**

¶1. This case is before us on writ of certiorari from a judgment of the Court of Appeals. The Appellees/Petitioners, M. Neil White, M.D., and Gulf Coast OB/GYN, P. A., were added as parties to this action in the Circuit Court of Jackson County by an amended

complaint; however, the trial court granted the motion for summary judgment filed by the doctor and his clinic, finding the applicable statute of limitations had expired by the time the amended complaint was filed. On appeal, the Court of Appeals reversed the trial court's grant of summary judgment and remanded the case to the trial court for further proceedings.[1] Finding here that the trial court properly granted summary judgment, we reverse the judgment of the Court of Appeals and reinstate and affirm the judgment of the Circuit Court of Jackson County.

## FACTS AND PROCEEDINGS IN THE TRIAL COURT
## AND THE COURT OF APPEALS

¶2. On January 27, 1997, Iris Wilner underwent diagnostic laparoscopy, performed by Dr. Neil White at Singing River Hospital. She was later diagnosed with compression neuropathy after experiencing weeks of pain, weakness, and numbness in her left leg. On February 12, 1998, Wilner filed suit naming Singing River Hospital, a nurse, and John Does 1-4 as the defendants. Exactly two years after the laparascopy, and nearly one year after the then-named defendants filed responsive pleadings, Wilner, without leave of court, filed an amended complaint on January 27, 1999 naming four additional defendants, including the two parties involved here, Dr. White and Gulf Coast OB/GYN, P.A.[2] Wilner claims to have realized only during discovery that she had a cause of action against these two parties. Dr.

---

[1]This summary does not represent the complete procedural history of this case, which will be presented later in this opinion.

[2]The other two parties named in the amended complaint are not parties to this appeal.

White worked with Gulf Coast OB/GYN, P.A. (Dr. White and Gulf Coast OB/GYN, P. A. will be hereinafter referred to collectively as "White"). Wilner had deposed Dr. White on August 12, 1998. The same day she filed her amended complaint, Wilner also filed a motion for leave of court to amend the complaint. White later filed a motion to dismiss because no leave of court had been granted to amend the complaint before the two-year statute of limitations expired. The trial court denied Wilner's motion for leave to amend, finding the motion to be a nullity, and dismissed the putative amended complaint, because there were never any proceedings to allow the amendment, nor was consent of the adverse party given. *See* Miss. R. Civ. P. 15 (a). The trial court also found the amendment could not relate back to the original complaint. Wilner appealed the trial court's dismissal of the amended complaint, and the Court of Appeals reversed the trial court's dismissal of the amended complaint and remanded the case with instructions that the amendment be allowed and that the case proceed. ***Wilner v. White***, 788 So. 2d 822 (Miss. Ct. App. 2001) (***Wilner I***). Following remand, White filed a motion for summary judgment based on the expiration of the applicable statute of limitations. The trial court granted White's summary judgment motion, finding that, because the amended complaint did not relate back to the original complaint under Miss. R. Civ. P. Rule 15(c), the amended complaint was time-barred. *See* Miss. Code Ann. § 15-1-36. Wilner again appealed, and the Court of Appeals issued its second opinion on July 13, 2004, affirming the trial court's grant of summary judgment. *See* ***Wilner v. White***, 2004 WL 1558070 (Miss. Ct. App. 2004) (not reported in the Southern

3

Reporter) (*Wilner II*). Wilner filed a Motion for Rehearing, and on December 13, 2005, the Court of Appeals granted the motion for rehearing, withdrew its original opinion of July 13, 2004, and substituted an opinion which reversed the trial court's grant of summary judgment, and remanded the case to the trial court for further proceedings consistent with that opinion. *See Wilner v. White*, ___ So. 2d ___, 2005 WL 3378639 (Miss. Ct. App. 2005) (*Wilner III*). White petitioned this Court for a writ of certiorari, which we granted to resolve an issue of conflicting law on when amended complaints can be treated as original complaints, and when amended complaints relate back to the original complaints.

## DISCUSSION

¶3.     "The Supreme Court's review of the grant of certiorari shall be conducted on the record and briefs previously filed in the Court of Appeals and on any supplemental briefs filed."  M. R. A. P. 17(h). The standard of review in considering on appeal a trial court's grant or denial of summary judgment is de novo. *Satchfield v. R.R. Morrison & Son, Inc.*, 872 So. 2d 661, 663 (Miss. 2004); *McMillan v. Rodriguez*, 823 So. 2d 1173, 1176-77 (Miss. 2002); *Lewallen v. Slawson*, 822 So. 2d 236, 237-38 (Miss. 2002); *Jenkins v. Ohio Cas. Ins. Co.*, 794 So. 2d 228, 232 (Miss. 2001); *Aetna Cas. & Sur. Co. v. Berry*, 669 So. 2d 56, 70 (Miss. 1996).  In considering this issue, we must examine all the evidentiary matters before us, including admissions in pleadings, answers to interrogatories, depositions, and affidavits. *Aetna*, 669 So. 2d at 70.  The evidence must be viewed in the light most favorable to the party against whom the motion has been made. *Id.*  Issues of fact sufficient to require a

4

denial of a motion for summary judgment are obviously present where one party swears to one version of the matter in issue and another party takes the opposite position. *American Legion Ladnier Post No. 42 v. Ocean Springs*, 562 So. 2d 103, 106 (Miss. 1990). If no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment should be entered in that party's favor. *Price v. Purdue Pharma Co.*, 920 So. 2d 479, 483-84 (Miss. 2006); *Monsanto Co. v. Hall*, 912 So. 2d 134, 136 (Miss. 2005). The movant carries the burden of demonstrating that no genuine issue of material fact exists, and the non-moving party is given the benefit of the doubt as to the existence of a material fact issue. *Id.* However, our decisions which discuss this rule are clear that when a motion for summary judgment is made and supported as provided in Miss. R. Civ. P. 56, an adverse party may not rest upon the mere allegations or denials of the pleadings, but instead the response must set forth specific facts showing that there is a genuine issue for trial. *Stuckey v. Provident Bank*, 912 So. 2d 859, 864 (Miss. 2005); *Miller v. Meeks*, 762 So. 2d 302, 304 (Miss. 2000) (citing *Brown v. Credit Ctr., Inc.*, 444 So. 2d 358, 362 (Miss. 1983)). See also URCCC 4.03(2). "If he does not so respond, summary judgment, if appropriate, shall be entered against him." Miss. R. Civ. P. 56(e). If any triable issues of fact exist, the trial court's decision to grant summary judgment will be reversed. Otherwise, the decision is affirmed. *Miller*, 762 So.2d at 304.

**WHETHER AN AMENDED COMPLAINT MAY BE TREATED AS AN ORIGINAL COMPLAINT, OR RELATE BACK TO THE ORIGINAL COMPLAINT, WHEN THE MOTION TO AMEND WAS FILED WITHIN THE STATUTORY TIME LIMITATION**.

¶4.     The Court of Appeals ruled in its first opinion that the motion to amend should have been granted, basing its decision in part on Miss. R. Civ. P. 15(a) which states that, when justice so requires, leave to amend shall be freely given, and in part on the fact that the motion to amend was filed within the statutory time allowed. *Wilner I*, 788 So. 2d at 824. Subsequently, this Court decided *Curry v. Turner*, 832 So. 2d 508 (Miss. 2002). In *Curry*, we held that the filing of a motion to amend does not toll the statute of limitations until the trial court rules on the motion. *Id.* at 514. The result of this holding is that, "if an amended complaint is filed after the statute of limitations has run – regardless of when the motion to amend was made – the statute of limitations bars suits against newly named defendants." *Id.* at 511. However, we also examined whether the amended complaint in *Curry* related back to the original complaint under Miss. R. Civ. P. 15(c). This Court in *Curry* did not allow the amended complaint for two reasons – the motion to amend did not toll the statute of limitations *and* the amended complaint did not relate back to the original complaint. *Id.* at 513-14. The Court of Appeals acknowledged *Curry* in *Wilner III*, and framed the issue this way: "[t]he question now is whether, in the light of *Curry*, the trial court erred in granting summary judgment. It seems rather clear that unless (1) the amendment relates back to the original filing, (2) *Curry* is distinguishable, or (3) the amended complaint can be treated, for purposes of the added parties, as an original complaint, Wilner cannot prevail." 2005 WL

6

3378639 at *3. The Court of Appeals held that option (3) provided Wilner relief, and treated

the amended complaint as her original complaint. *Id.* at *6.

¶5.     The Court of Appeals relied on its prior decision in ***King v. American RV Centers,***

***Inc.***, 862 So. 2d 558 (Miss. Ct. App. 2003) to prevent Wilner from losing her day in court,

using the following reasoning:

> If Wilner had named the four new parties in a separate, original complaint and
> moved to consolidate the two cases, we would not have an issue with the
> statute of limitations, nor would there be an issue regarding relating back.
> Should she be denied the opportunity to proceed even though she filed suit
> against the new parties before the statute of limitations ran and had a summons
> and a complaint (although designated as an amended complaint) served on the
> new parties within the period of time required by Mississippi Rules of Civil
> Procedure 4(h)? We think not.
>
> In ***King v. American RV Centers, Inc.***, 862 So. 2d 558 (Miss. Ct. App. 2003),
> we held that the trial court erred in dismissing an amended complaint, which
> was filed prior to the expiration of the statute of limitations, although the
> plaintiff could not technically file an amended complaint because there was no
> original complaint to amend. *Id.* at 562 (¶¶ 20-21). We found that at the time
> the plaintiff filed the amended complaint he could have filed an original
> complaint; therefore, he should not lose his day in court because of the
> technicality, that to do so would exhort form over substance. *Id.* We find our
> reasoning in *King* helpful here. If Wilner had not renamed the original parties
> in her amended complaint, this case would be virtually indistinguishable from
> *King*. The fact, however, does not seem to be a compelling reason for holding
> any differently than we did in *King*. Therefore, for the reasons discussed, we
> reverse and remand the grant of summary judgment.

***Wilner III***, 2005 WL 3378639 at *6. Respectfully, the Court of Appeals is mistaken in its

assumption that Wilner could have properly named the new parties in a separate complaint.

Had Wilner done this, she would have offended the long-standing principal of law in

Mississippi prohibiting a party from splitting a cause of action into the subject of two

7

different actions, reaching back to this Court's decision in ***Kimball v. Louisville and Nat'l R.R. Co.***, 94 Miss. 396, 48 So. 230 (1909).  *See also* ***Harrison v. Chandler-Sampson Ins., Inc.***, 891 So.2d 224, 234 (Miss. 2005); ***Alexander v. Elzie***, 621 So.2d 909, 910 (Miss. 1992). Suggesting that a party should take this course of action in the future is encouraging that party to ignore the law.  Further, ***King*** is not applicable here; rather, we find ***King*** to be not only easily distinguishable from today's case, but also an inaccurate statement of the law. First, the issue presented for review before the Court of Appeals in ***King*** was not relation back, but the 120-day time period for service after the filing of an original complaint. Second, the pronouncement in ***King*** encourages exactly what we have already stated is not allowable under Mississippi law – the splitting of a cause of action.  To the extent that ***King*** could be interpreted to allow a party to split causes of action, ***King*** is expressly overruled. This Court reiterated in ***Alexander*** the rule against splitting a cause of action and the reasons for it, quoting from the Restatement of Judgments:

> **§ 62 SPLITTING CAUSE OF ACTION-JUDGMENT FOR PLAINTIFF OR DEFENDANT**.
> "Where a judgment is rendered, whether in favor of the plaintiff or of the defendant, which precludes the plaintiff from thereafter maintaining an action upon the original cause of action, he cannot maintain an action upon any part of the original cause of action, although that part of the cause of action was not litigated in the original action, except * * *.
> "(c) where the defendant consented to the splitting of the plaintiff's cause of action.
> " Comment:
> a. Rationale: The rule stated in this Section is based on the idea that where a person has a single cause of action, in the interests of convenience and economy to the public and to the defendant he should be entitled to but one

8

> right of action and hence should be required to unite in one proceeding all matters which are part of it.

*Alexander*, 621 So.2d at 910. The Court of Appeals in *King* treated the original complaint as "dead" because no service of process occurred within the 120-day time period and because the trial court there had ordered its dismissal. *King*, 862 So. 2d at 563. With all deference to the Court of Appeals, this is flawed reasoning because a judgment of dismissal had in fact been rendered, precluding the plaintiff from maintaining an action upon any part of the original cause of action. Similarly, the trial court also ordered the case sub judice dismissed, but that ruling was reversed by the Court of Appeals in *Wilner I*. The issue today concerns the grant of a motion for summary judgment, not a motion to dismiss. Second, as noted above, the amended complaint in *King* was filed before the expiration of the statute of limitations. Here, that is not the case. In today's case, only the motion to amend the complaint was considered filed before the expiration of the statute of limitations. *Curry* makes it clear that the amended complaint could not have been anything more than an attachment to the motion to amend until the court had ruled on that motion. When the trial court in the case sub judice denied the motion to amend, the practical effect was no amended complaint had ever been filed. However, the Court of Appeals, in *Wilner I*, reversed the trial court's denial of the motion to amend and grant of dismissal and remanded the case with instructions to allow the amendment. However, without question, Wilner was required to seek leave of court to file an amended complaint because her original complaint was not "dead," but instead still very much a viable pleading. Although we have already discussed

9

*King* from the standpoint of splitting causes of action, we also note that the Court of Appeals in *King* held that the plaintiff was not required to seek leave of court because the original complaint was found to be "dead" and thus the amended complaint was treated as a new original complaint. After an original complaint has been filed, an amended complaint, except as otherwise provided by rule, may be filed only upon seeking and receiving leave of the court to do so.[3] Thus, we respectfully disagree with the reasoning applied by the Court of Appeals in that we do not agree that the amended complaint can be treated, for purposes of the added parties, as an original complaint.

¶6.    The next question is whether the amended complaint relates back to the date of the original, meaning that the case would be treated as if White was named as a defendant before the expiration of the statute of limitations. An amended pleading which changes the party against whom a claim is asserted relates back to the date of the original pleading under section (c) when certain requirements are met. Miss. R. Civ. P. 15(c). Here the pleading being amended is the complaint, and the party against whom the claim is asserted is White, the newly-named defendant.

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period

---

[3]Of course, Miss. R. Civ. P. 15(a) provides that an amended pleading may be filed, without leave of the court, at any time prior to the serving of a responsive pleading, or if the pleading "is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar."

provided by Rule 4(h) for service of the summons and complaint, the party to be brought in by amendment:

> (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining the party's defense on the merits, and

> (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party. An amendment pursuant to Rule 9(h) is not an amendment changing the party against whom a claim is asserted and such amendment relates back to the date of the original pleading.

Miss. R. Civ. P. 15(c). Rule 15 applies here as it clearly contemplates a "new party to be added by the amendment," as one can easily see in the comment to the rule. *Id.* (comment). The rule makes one exception for pleadings amended under Miss. R. Civ. P. 9(h),[4] which is the provision Wilner appears to be utilizing in this case to amend her complaint. Those excepted pleadings are pleadings by a party who "is ignorant of the name of an opposing party and so alleges in his pleading." Miss. R. Civ. P. 9(h). Rule 9(h) states that in those cases, "the opposing party may be designated by any name, and when his true name is discovered the process and all pleadings and proceedings in the action may be amended by substituting the true name and giving proper notice to the opposing party." *Id.* Rule 9(h) pleadings are not considered amendments changing a party against whom a claim is asserted and are allowed under Rule 15(c) to relate back to the date of the original pleading. Miss. R. Civ. P. 15(c). In order for Rule 9(h) to apply, there must be a substitution of a true party

---

[4]Rule 9(h) pertains to fictitious parties.

11

name for a fictitious one. However, this is not the case here. Wilner did name four "John Doe" defendants in his original complaint, but did not substitute White's name for a "John Doe," but simply added White's name. The four "John Does" remained as named defendants in the amended complaint. This is an improper substitution of parties under Rule 9(h) according to our decision in *Doe v. Miss. Blood Servs., Inc.*, 704 So. 2d 1016, 1018 (Miss. 1997). In *Doe*, the plaintiff merely substituted one named party for another named party, and left all John Doe defendants remaining in the complaint. "The purpose of Rule 9(h) is to provide a mechanism to bring in responsible parties, known, but unidentified, who can only be ascertained through the use of judicial mechanisms such as discovery. It is not designed to allow tardy plaintiffs to sleep on their rights for seven years, make only one telephone call prior to the running of the statute, and then enjoy the benefits of the rule." *Doe*, 704 So.2d at 1019.

¶7.     Additionally, Rule 9(h) exists for the benefit of a party who "is ignorant of the name of an opposing party and so alleges in his pleading." Miss. R. Civ. P. 9(h). In *Doe*, we relied on *Womble v. Singing River Hosp.*, 618 So. 2d 1252, 1266-68 (Miss. 1993) to employ a reasonable diligence test to determine the proper substitution of unknown parties. 704 So.2d at 1018. Reasonable diligence is a standard only for determining the efforts made to discover the true identity of a named fictitious party under Rule 9(h). *Nguyen v. Mississippi Valley Gas Co.*, 859 So. 2d 971, 978-79 (Miss. 2002). "The relation back privilege provided for fictitious parties under Rule 15(c)(2) requires the plaintiff to actually exercise a reasonably

12

diligent inquiry into the identity of the fictitious party." ***Doe***, 704 So. 2d at 1019. We concluded in ***Doe*** that the appellants in that case "were not ignorant of the identities of appellees in the sense contemplated by Rule 9(h). Consequently, no relief is provided appellants from the running of the statutory period by Rule 9(h)." ***Id.*** Likewise here, Wilner can seek no shelter from Rule 9(h), and her amended complaint cannot relate back under Rule 15(c)(2).

¶8. Thus, the only way for the claims in the amended complaint against White to relate back to the original complaint would be if Wilner can meet the other requirements of Rule 15(c), the Rule 9(h) exception notwithstanding. When an amended complaint changes or adds a party, those requirements are: (1) the claim in the amended complaint must arise out of the same conduct, transaction, or occurrence as that set forth in the original complaint; (2) the newly-named defendant must have received notice of the action within the period provided by Miss. R. Civ. P. 4(h) such that the party will not be prejudiced; and, (3) the newly-named defendant must have or should have known that an action would be brought against him but for a mistake existing as to the parties' identities. Miss. R. Civ. P. 15(c). The first "same conduct, transaction, or occurrence" requirement is clearly met in this case, as both complaints refer to the January 27, 1997, laparoscopy. This is not disputed. The second requirement is also met here. The question under Miss. R. Civ. P. 15(c)(1), is whether White, within 120 days after the filing of the complaint, had received sufficient notice so that he would not be prejudiced in maintaining his defense on the merits. There is

13

no doubt that White knew enough within 120 days of the original complaint that he would have suffered no prejudice to be named a party to the action. White's name was mentioned in the body of the original complaint, and White was deposed months before trial. White was well aware of the ongoing lawsuit and his involvement in the actions leading up to it. We must therefore determine if the other requirement is met; that is, whether, but for a mistake on Wilner's part, White knew, or should have known, that an action would be brought against him. *Curry*, 832 So. 2d at 513; ***Brown v. Winn-Dixie Montgomery***, 669 So. 2d 92, 94 (Miss. 1996). If the answer is in the affirmative, the amended complaint will relate back to the date of the original complaint, and the suit will not be time-barred by the statute of limitations.

¶9.     However, Wilner fails to meet the test in Miss. R. Civ. P. 15(c)(2) This part of the rule essentially asks whether, because of the existence of a mistake as to the parties' identities on the part of the movant or complainant, the newly-named defendant did not know that an action would be brought against him within the prescribed time. *Curry*, 832 So. 2d at 513. The purpose of this rule is to allow some leeway to a party who made a mistake, so long as the party does what is required within the time period under the rule. The United States Supreme Court, in looking at the federal counterpart to this rule, Fed. R. Civ. P. 15(c)(3)(B), noted that this "subsection applies only in cases involving 'a mistake concerning the identity of the proper party.'" ***Nelson v. Adams USA, Inc.***, 529 U.S. 460, 467, 120 S.Ct.

14

1579, 146 L.Ed.2d 530, n. 1 (2000) (quoting Fed. R. Civ. P. 15(c)(3)(B)).[5] Here, there can be no attempt to assert that a mistake was made concerning White's identity. Also, Wilner unquestionably failed to make a reasonably diligent effort to add White's name to the complaint sooner. White's name actually appears in the body of the original complaint itself. Wilner admits that months before she filed her motion to amend, she was well aware of the possibility of a claim she might have against White. Why she did not attempt to add White sooner is simply perplexing. *Curry* addressed "a motion to amend filed before the statute of limitations had run but not ruled upon until after the limitations period had elapsed." 832 So. 2d at 512-13. On this issue, we concluded that "[s]ince the amended complaint was filed after the statute of limitations ran against [Curry], the trial court was correct in dismissing the suit against him." *Id.* at 514. These particular facts of *Curry* are identical to the facts of today's case. For these reasons, we find the amended complaint could not be treated as an original complaint; the amended complaint did not relate back to the original complaint; and, although the motion to amend was filed prior to the expiration of the applicable statute of limitations, there was no ruling on the motion to amend prior to the expiration of the statute of limitations, and thus, the trial court properly dismissed the putative amended complaint.

---

[5]The federal rule requires that "the party to be brought in by the amendment . . . knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." Fed. R. Civ. P. 15(c)(3)(B) (2005).

15

**CONCLUSION**

¶10.    Miss. R. Civ. P. 15(a) allows a party to amend a pleading subject to certain timeliness requirements, or otherwise, "by leave of court or upon written consent of the adverse party; leave shall be freely given when justice so requires." Miss. R. Civ. P. 15(a). Here, neither leave of the court nor written consent of the adverse party was obtained. Further, Wilner's argument that her amended complaint should relate back to the date of the original complaint under Miss. R. Civ. P. 15(c) fails. There was no mistake as to White's identity, and Wilner did not exercise reasonable diligence in adding the newly named defendants. For all the reasons herein discussed, the judgment of the Court of Appeals is reversed, and the final judgment of the Circuit Court of Jackson County is reinstated and affirmed.

¶11.    **THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED; THE JUDGMENT OF THE CIRCUIT COURT OF JACKSON COUNTY IS REINSTATED AND AFFIRMED.**

   **SMITH, C.J., WALLER AND COBB, P.JJ., DICKINSON AND RANDOLPH, JJ., CONCUR. EASLEY AND GRAVES, JJ., DISSENT WITHOUT SEPARATE WRITTEN OPINION. DIAZ, J., NOT PARTICIPATING.**