CARLSON, Presiding Justice,
Dissenting.
¶ 19. Because the majority finds that “Scaggs was not attempting to substitute *1086 the party brought in originally or to bring in a new party” and that only part of the relation-back doctrine is applicable, I respectfully dissent.
¶ 20. As stated by the majority, Mississippi Rule of Civil Procedure 15(c) states:
Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by Rule 4(h) for service of the summons and complaint, the party to be brought in by amendment:
(1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining the party’s defense on the merits, and
(2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party. An amendment pursuant to Rule 9(h) is not an amendment changing the party against whom a claim is asserted and such amendment relates back to the date of the original pleading.
Miss. R. Civ. P. 15(c). In the case before us, GPCH-GP, Inc., does not dispute the first two prongs of the relation-back test and concedes that the claims “asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.” GPCH-GP, Inc., also does not dispute that it received such notice of the institution of the action that it will not be prejudiced in maintaining a defense. See Miss. R. Civ. P. 15(c)(1). However, GPCH-GP, Inc., correctly disputes the third prong, whether it “knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.” Miss. R. Civ. P. 15(c)(2). The majority arrives at the conclusion that Scaggs was “merely attempting to correct a misnomer, so that the defendant would be correctly named as ‘GPCH-GP, Inc., d/b/a Garden Park Medical Center,’ ” so the third prong of the relation-back doctrine is inapplicable. I must disagree with this conclusion.
¶ 21. Here, according to the record, Scaggs failed to serve process upon the correct registered agent for GPCH-GP, Inc. Instead, Scaggs caused process to be issued for service upon “Garden Park Medical Center,” and the process server’s return on the summons reveals that the summons was served upon “Garden Park Hospital” by personally serving William Peaks. Therefore, Mississippi Rule of Civil Procedure 15(c) is applicable in its entirety.
¶ 22. The disputed portion of the relation-back doctrine “essentially asks whether, because of the existence of a mistake as to the parties’ identities on the part of the movant or complainant, the newly-named defendant did not know that an action would be brought against him within the 120 days.” Ralph Walker, Inc. v. Gallagher, 926 So.2d 890, 896 (Miss.2006) (emphasis added) (citation omitted). Garden Park asserts that Scaggs cannot argue that a mistake was made regarding the proper identity of Garden Park as GPCH-GP, Inc., since Scaggs’s attorney instituted claims against GPCH-GP, Inc., prior to filing the original complaint in this action, using GPCH-GP, Inc.’s proper name. Further, In Wilner v. White, regarding Mississippi Rule of Civil Procedure 15(c)(2), this Court stated:
*1087 This part of the rule essentially asks whether, because of the existence of a mistake as to the parties’ identities on the part of the movant or complainant, the newly-named defendant did not know that an action would be brought against him within the prescribed time. Curry, 832 So.2d at 513-t[1]] The purpose of this rule is to allow some leeway to a party ivho made a mistake, so long as the party does what is required within the time period under the rule. The United States Supreme Court, in looking at the federal counterpart to this rule, Fed.R.Civ.P. 15(c)(3)(B), noted that this “subsection applies only in cases involving ‘a mistake concerning the identity of the proper party.’ ” Nelson v. Adams USA, Inc., 529 U.S. 460, 467, 120 S.Ct. 1579, 146 L.Ed.2d 530, n. 1 (2000) (quoting Fed.R.Civ.P. 15(c)(3)(B)). Here, there can be no attempt to assert that a mistake was made concerning White’s identity. Also, Wilner unquestionably failed to make a reasonably diligent effort to add White’s name to the complaint sooner. White’s name actually appears in the body of the original complaint itself.
Wilner v. White, 929 So.2d 315, 323-24 (Miss.2006) (emphasis added) (footnote omitted). See also Gallagher, 926 So.2d at 896 (“The purpose of this rule is to allow some leeway to a party who made a mistake. ...”). Since there was evidence before the trial court that Scaggs’s attorney previously had filed suit against GPCH-GP, Inc., correctly identifying GPCH-GP, Inc., the trial court did not commit error in determining that Scaggs knew that “Garden Park Medical Center” was not the proper identity of the defendant, and therefore, failed to meet the relation-back test of Mississippi Rule of Civil Procedure 15(c). Furthermore, as also determined by the trial court, Scaggs did not take any affirmative measures to amend the complaint other than a simple request within her Response to the Motion to Dismiss that she be allowed to amend her complaint if the trial court determined that the wrong party defendant was named.
¶ 23. For these reasons, I respectfully dissent.

. Curry v. Turner, 832 So.2d 508 (Miss.2002).