' CARLTON, J.,
dissenting:
¶ 55. I respectfully dissent from the majority’s opinion. Rather than reversing and remanding for further proceedings, I would instead affirm the circuit court’s judgment.
¶ 56. In turning to briefly review the pertinent facts, the record reflects that Carpenter sustained injuries as a result of falling on the pavement in front of the Jackson County Welcome Center. On June 26, 2008, Carpenter filed her lawsuit styled Jeanette Carpenter v. MDOT and John Does 1-5, Cause No. 2008-00140(2) (“Carpenter I”), in the Jackson County Circuit Court, alleging that she had sustained her injuries in the parking lot of the Welcome Center after tripping and falling over loose tape. On August 20, 2009, Carpenter filed a motion for leave to amend her complaint. The circuit court entered an order on December 9, 2009, allowing Carpenter to amend her complaint and name Mallette and McCool as defendants under the original complaint.
¶ '57. On March 4, 2010, Carpenter filed for leave to amend her complaint a second time to add additional parties — KTB, Coastal Masonry, Pro Mow Lawn Care, and Capital Security. Counsel for all parties executed an agreed order allowing Carpenter to amend her complaint, with the exception of counsel for MDOT. In her brief, Carpenter alleges that she attempted to set the motion to amend for a hearing, but she claims that setting the matter “proved to be difficult at best[,] if not impossible.” Carpenter further claims she obtained numerous datés from the court to schedule her hearing, but her- counsel, and counsel for MDOT, were unavailable on the proposed dates. Carpenter states that she requested a telephonic hearing, but the court advised her that it did not entertain this type of hearing via telephone. Carpenter states she was advised that the only available hearing date was November 3, 2010. The statute of limitations on her lawsuit expired on August 15,2010.
¶ 58. On July 22, 2010, less than a month before the statute of limitations expired on her claim, Carpenter filed a separate lawsuit in Jackson County Circuit Court, Cause No. 2010-00177(1) (“Carpenter II ”). Carpenter claimed she filed this separate suit out of an abundance of caution resulting from the difficulties in scheduling her hearing. The defendants named in this suit were KTB, Pro Mow Lawn Care, Capital Security, and Coastal Masonry. In Carpenter II, Carpenter alleged that she tripped and fell due to negligently installed temporary striping tape in the Welcome Center parking lot and that she sustained injuries from her fall. She requested the same amount of damages as in Carpenter I.
¶ 59. On November 1, 2010, ten weeks after the expiration of the statute of limi *869 tations in Carpenter I, the circuit judge ultimately executed the proposed agreed order allowing a second amendment to Carpenter’s complaint in Carpenter I,which required Carpenter to file the complaint within ten days of the order. Carpenter filed her second amended complaint in keeping with the November 1, 2010 order. The second amended complaint in Carpenter I named the same defendants as Carpenter II. Carpenter then filed a motion to consolidate Carpenter I and II.
¶ 60. On April 20, 2011, the Defendants filed their motion for summary judgment in Carpenter I, asserting that the claims were barred by the statute of limitations. The Defendants claimed they failed to receive proper notice of Carpenter’s lawsuit within the time required by Mississippi Rule of Civil Procedure 15(c) to allow the second amended complaint to relate- back to the filing of the original complaint. On May 25, 2011, the circuit judge held a hearing on Carpenter’s motion to consolidate and on ‘ the Defendants’ motion to dismiss. Carpenter’s motion to consolidate was denied. The circuit judge granted the motion to dismiss, and entered its order of dismissal in Carpenter I on June IS, 2011. On November 10, 2010, the- Defendants filed a motion to dismiss in Carpenter II. A hearing was held on June 16, 2011. The motion to consolidate was denied, and the circuit court granted the motion to dismiss Carpenter II, finding that Carpenter had improperly split her causes of action.
¶ 61. On appeal, Carpenter claims that her complaint in Carpenter II should be considered an amendment to the complaint in Carpenter I. Carpenter explains that in filing Carpenter II, she simply added additional parties whose identities were initially unknown at the time of filing Carpenter I, thus -satisfying Mississippi Rule of CM Procedure 9(h) and relating the date of the filing of the Carpenter II complaint back to the date of the original, pleading. As stated, the record reflects that the trial court dismissed Carpenter I after determining the following:
Carpenter maintains that she intended to substitute the newly added defendants pursuant to Rule 9(h)[;] however, the second amended complaint still lists John Does 1-5 in addition to the newly 'added defendants!;] therefore!,] they were not properly substituted. It necessarily follows that if the defendants were not substituted in accordance with the provisions of Rule 9(h), then Rule 15(c) is not implicated allowing the claim against them to relate back' to the date of the original pleading,
Acknowledging that a motion to amend fails to toll the statute of limitations until the trial court rules on 'the motion, the trial court’s judgment held that Carpenter had’ filed the amended complaint outside of the three year statute of limitations, and therefore Carpenter’s claim should be dismissed. In Scaggs v. GPCH-GP, Inc., 931 So.2d 1274, 1275 (¶ 6) (Miss.2006), the supreme court explained that when a trial court considers a motion to dismiss, “the allegations in the complaint must be taken as true!,] and the motion should not be granted unless it appears beyond doubt that the' plaintiff will be unable to prove any set of facts in support of his claim.”
¶ 62. Rule 9(h) provides:.
When a party is ignorant of the name of an opposing party and so alleges in his pleading, the opposing party may be designated by any name, and when his true name is discovered the process and all pleadings and proceedings in the action may be amended by substituting the true name and giving proper notice to the opposing party.
*870 In Wilner v. White, 929 So.2d 315, 322 (¶6) (Miss.2006), our supreme court explained that Rule 9(h) pleadings “are allowed under Rule 15(c). to relate back to the date of the original pleading.” However, the court clarified that “[i]n order for Rule 9(h) to apply, there must be a substitution of a true party name for a fictitious one.”
If 63. I submit that such is not the case in the present matter. Carpenter named five “John Doe” defendants in the original complaint, but she failed to substitute any of the defendants’ names for a “John Doe”; instead, Carpenter simply added the defendants’ names to the complaint along with the “John Does” listed. The five “John Does” remained as named ■ defendants in the amended complaint in Carpenter I. The supreme court has held that such action constitutes
an improper substitution of parties under Rule 9(h).... The purpose of Rule 9(h) is to provide a mechanism to bring in responsible parties, known, but unidentified, who can only be ascertained through the use of judicial mechanisms such as discovery. It is not designed to allow tardy plaintiffs to sleep on their rights for seven years, make only one telephone call prior to the running of the statute, and then enjoy the benefits of the rule.
Wilner, 929 So.2d at 322 (¶ 6) (citations omitted).
¶ 64. As the supreme court explained in its recent opinion in D.P. Holmes Trucking, LLC v. Butler, 94 So.3d 248, 254 (¶ 17) (Miss.2012), “[t]he analysis does not end with Rule 9(h).” The record reflects that Carpenter filed her original complaint in Carpenter I on June 26, 2008, and she filed her second amended complaint on November 12, 2010. KTB asserts in its brief that KTB’s president testified that he first learned of Carpenter’s claims on August 8, 2010 — outside of the 120-day period from the filing of the original complaint. Since the 120 days to effect service under Mississippi Rule of Civil Procedure 4(h) have expired, I turn next to review whether Carpenter’s amended complaint will relate back under Rule 15(c).
¶65. For the claim in an amended complaint “to relate back to the original complaint under Rule 15(c) against a new party, the new claim must arise out of the same conduct, transaction, or occurrence as the original complaint.” D.P. Holmes, 94 So.3d at 254 (¶17). In addition, the new party “must have had notice of the suit within 120 days from the filing of the original complaint.” Id. Rule 15(c) mandates that in order for the amended pleading to relate back, within the 120-day requirement to effect service under Mississippi Rule of Civil Procedure 4(h), the newly named party must:
(1) [have] received such notice of the institution of the action that the party will not be prejudiced in maintaining the party’s defense on the merits, and
(2) [have known] or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party. An amendment pursuant to Rule 9(h) is not an amendment changing the party against whom a claim is asserted[,] and such amendment relates back to the date of the original pleading.
M.R.C.P. 15(c).
¶ 66. As stated, the Defendants were added to the complaint after the 120 days for effecting service had passed. However, the claims in the second amended complaint stem from the same conduct, transaction, and occurrence identified in the original complaint. Yet Carpenter fails to provide any evidence that the Defendants were, or should have been, aware of the pending litigation. Recognizing that ap *871 pellate courts review de novo a-trial court’s grant of a motion to dismiss, I find no error in the trial court’s judgment finding that Carpenter failed to properly substitute the Defendants for the fictitious parties in Carpenter I under Rule 9(h), and that as a result, Rule 15(c)’s relation-back provision did not apply to save Carpenter’s claims from dismissal after the expiration of the three-year statute .of limitations.
¶ 67. The trial judge in Carpenter II made the following findings in his judgment of dismissal: ■
[Carpenter] has improperly filed this lawsuit contrary to the long-standing principal in Mississippi prohibiting a party from splitting a cause of action into the subject óf two different actions. Wilner v. White, 929 So.2d 315, 320 (Miss.2006). At the time this lawsuit was filed, [Carpenter] already had pending her lawsuit in [Carpenter 7], which she had earlier filed on June 26, 2008. Therefore, the Defendants’ motion to dismiss is well taken and is hereby granted.
¶ 68. The Mississippi Supreme Court has addressed “the long-standing principal of law in Mississippi prohibiting a party from splitting a cause of action into the subject of two different actions,” known as claim-splitting. Wilner, 929 So.2d at 320 (¶ 5). The Wilner court cited to the early supreme court decision of Kimball v. Louisville & N.R. Co., 94 Miss. 396, 48 So. 230, 231 (1909), which states:
[W]here one is injured both in his person and property by the same tortious act, ... the different injuries constitute[] separate items of damage, but only [give] rise to one cause of action, and ... in such a case “that rule of construction should be adopted which will most speedily and economically bring litigation to an end, if at the same time it conserves the ends of justice. There is nothing to be gained in splitting up the rights of an injured party as in this case, and much may be saved if one action is made to cover the subject.
In Hill v. Carroll County, 17 So.3d 1081, 1084 (¶ 8) (Miss.2009) (citing Anderson v. LaVere, 895 So.2d 828, 832 (1110) (Miss. 2004)), the supreme court further explained: “The doctrine of res judicata bars parties from litigating claims ‘within the scope of the judgment’ in a prior action. This includes claims that were.made or should have been made in the prior suit.”
¶ 69. Carpenter argues that none of the causes of áction alleged against the Defendants in Carpenter I or the Defendants in Carpenter II had been litigated or adjudicated. However, I note that in Wilner, the supreme court affirmed the trial court’s grant of summary judgment based on its finding that the amended complaint did not relate back to the original complaint under Rule 15(c) and was time-barred. See Wilner, 929 So.2d at 324 (¶ 10). As in Wilner, no adjudication on the merits occurred in the present case. Accordingly, I find no error in the trial court’s dismissal of Carpenter II based on its finding of claim-splitting.
¶ 70. I turn next to address Carpenter’s argument that the doctrine of priority jurisdiction supports her claim that the trial court erred in dismissing ’ Carpenter II, rather than consolidating it with Carpenter I. In Compere v. St. Dominic Jackson Memorial Hospital, 71 So.3d 607, 610 (¶¶ 8-9) (Miss.2011) (citations omitted), the supreme court explained:
It is fundamental that a plaintiff is not authorized simply to ignore a prior action and bring a second, independent action on the same state -of facts while the original action is pending. Hence a second action based oh the same came will generally be abated where there is a prior action pending in a court of com *872 petent jurisdiction within the same state or jurisdictional territory, between the same parties, involving the same■ or substantially the same subject matter and cause of action, and in which prior action the rights of the parties may be determined and adjudged.
Priority jurisdiction typically applies when the same lawsuit has been filed in two different courts, not in the same court. More importantly, that doctrine presupposes a pending action that the plaintiff can proceed upon and obtain “adequate relief.”
(Emphasis added). See also Petition of Beggiani, 519 So.2d 1208,1210 (Miss.1988).
¶ 71. In her argument that the application of priority jurisdiction to the present case yields a result in her-favor, Carpenter cites Crawford v. Morris Transportation, Inc., 990 So.2d 162, 169 (¶ 25) (Miss.2008), and acknowledges that priority jurisdiction arises when there are “two suits- between the same parties over the same controversy ... brought in courts of concurrent jurisdiction.” However, she insists that Carpenter I and Carpenter II each constitute an original action involving separate causes of action against different defendants and alleging different tortious conduct that resulted in her injuries. Despite Carpenter’s misinterpretation of the application of this principle, I agree that priority jurisdiction does indeed, apply, to the present case.
¶ 72. In examining the complaints filed in the present action, I noté that the original complaint in Carpenter I lists MDOT and John Does • 1-5 as the defendants., • In the complaint,. -Carpenter alleged that the defendants negligently breached their duties to keep the premises of the Welcome Center in a reasonably safe condition; failed warn. Carpenter of the defective condition of the parking area, specifically of the danger posed by the improper installation of the parking lot striping; and failed to protect Carpenter from the danger of reasonably foreseeable injury occurring from the use of the area around which the- temporary parking lot striping was applied.- The amended complaint in Carpenter I lists the following defendants: MDOT, Mal-lette, McCool, and John Does • 1-5. The second amended complaint lists the following defendants: MDOT, Mallette, McCool, KTB.,. Coastal Masonry, Pro Mow Lawn Care, Capital Security, and John Does 1-5. The amended complaint and second amended .complaint alleged causes .of action against the Defendants that were virtually identical to those alleged in the original complaint.
¶ 73-. The complaint in Carpenter II lists the defendants as KTB, Coastal Masonry, Pro-Mow Lawn Care, Capital Security, and John Does 1-5. > In reviewing the Carpenter II complaint, I find that Carpenter again alleges causes of action against the Defendants that are virtually identical to those alleged in Carpenter I. Since Carpenter I and Carpenter II constitute “two ... suits between the same parties over the same controversy [that] are brought in courts of concurrent jurisdiction,” the application of priority jurisdiction bolsters the trial court’s dismissal of Carpenter II, Scruggs, Millette, Bozeman & Dent, P.A. v. Merkel, 804 So.2d 1000, 1006 (¶ 15) (Miss.2001).
¶ 74. As a result, I respectfully dissent from the majority’s decision.
ISHEE, J., JOINS THIS OPINION.