LAMAR, Justice,
concurring in part and dissenting impart:
¶ 21. I agree with the majority’s decision to affirm the trial court’s dismissal of the Second Amended Complaint in Carpenter I,[9] but I disagree with its decision to affirm the dismissal of Carpenter ■ II, Because I find that Carpenter II is not barred by the doctrine of elaim-splitting or by res judicata, I respectfully dissent in part.
¶ 22. In his Order dismissing Carpenter II, the- trial judge found that Carpenter had “improperly filed this lawsuit contrary to the long-standing principal [sic] in Mississippi prohibiting a party from splitting a cause of action into the subject of two different actions.” But Carpenter argues there is no claim-splitting because the “identity-of-parties” element is not present, and I agree. The majority correctly states that “plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time.” Curtis v. Citibank, N.A., 226 F.3d 133,139 (2d Cir.2000) (emphasis added). Here, .the trial judge dismissed the four defendants at issue (those named in the Second. Amended Complaint) from Carpenter I on June 13, 2011,[10] So, at the time Carpenter II was dismissed based on impermissible claim-splitting (June 28, 2011), Carpenter was not maintaining two actions against the same defendants. Similarly, at the time Carpenter initiated Carpenter II (July 22, 2010), her motion to amend Carpenter I had yet to be, ruled on, and so she was not maintaining two actions against the same defendants at that time either.
' ¶ 23. Both the majority and the trial judge relied heavily on this Court’s decision in Wilner v. White, 929 So.2d 315 (Miss.2006), to support their holdings that Carpenter had impermissibly split her claims. But in my view, their reliance is misplaced. First, the Wilner language relied on by the majority is mere dicta,[11] and *829 its application in this case is therefore not required. •
¶24. Secondly, and more importantly, the case cited by the Wilner Court as support for its dicta, Kimball v. Louisville and National Railroad Co., 94 Miss. 396, 48 So. 230 (Miss.1909), is clearly distinguishable from the case here. In Kimball, the plaintiff brought suit, against a railroad company for injuries to his horse and wagon and was awarded a judgment at trial, which was satisfied. Id. He then tried to bring suit against the same railroad company for injuries to himself resulting from the same occurrence, which the Court disallowed. Id. at 230-31.[12]
¶25. Finally, the Wilner Court also cited a portion of Section 62 of the Restatement of Judgments with approval, but it omitted the second comment to that Section, which states:
The rule stated in this Section presupposes a claim and judgment of a single plaintiff against a single defendant. It does not deal with situations in which there is a single event or transaction from which arise a number of claims by one person against several or by several persons against one or a number of persons. Thus, a person may have a claim against a number of others on a joint and several contract or because of a joint tort; or a number of persons'may be entitled to maintain actions for a single act....
Restatement (First) of - Judgments § 62 cmt. b (emphasis added). '
¶26. The elements of claim-splitting are thoroughly discussed by the majority, and it is undisputed that’ identity of the parties is one. I am not convinced by the majority’s reliance on dicta from Wilner, which was supported ,by cases that are clearly inapposite to our facts here. In sum, I find nothing in Mississippi caselaw or. our Rules that would prevent Carpenter from maintaining Carpenter II, now that the four defendants at issue have been dismissed from Carpenter I.
¶ 27. Moreover,-1 simply cannot agree with the majority’s statement that “Carpenter filed the second action in anticipation of, and in an attempt to sidestep, a final judgment that would preclude the defendants from litigation on this nucleus of facts.” See Maj. Op. ¶ 15 (emphasis added). At the time Carpenter filed the second action, she had absolutely no way of knowing whether the judge ultimately would grant her motion for leave to amend. So she was not attempting to “sidestep” a final judgment; rather, she was preserving her opportunity to sue the four new defendants should-the trial judge decide that they could not be added as defendants -in thfe first action.
¶28. Finally, I also disagree with the majority’s decision sua sponte to find that Carpenter II is barred.by res judicata. *830 The requirements for res judicata . are well-known: “(1) identity of the subject matter of the action; (2) identity of the cause of action; (3) identity of the parties to the causé of action; and (4) identity of the quality or character of a person against whom the claim is made.” EMC Mortgage Corp. v. Carmichael, 17 So.3d 1087, 1090 (Miss.2009) (emphasis added). The absence of any one of the elements is fatal to the defense of res judicata. Harrison v. Chandler-Sampson Ins., Inc., 891 So.2d 224, 232 (Miss.2005). “In addition to the four identities, a fifth requirement is that the prior judgment must be a final judgment that was adjudicated on the merits.” Carmichael, 17 So.3d at 1090 (emphasis added). The doctrine of res judicata prevents claims which were actually litigated in a previous action. Harrison, 891 So.2d at 232 (emphasis added).
¶ 29. Here — in addition to the lack of identity of the parties discussed above— there is no final judgment on the merits. The trial judge dismissed Carpenter I because she found that Carpenter did not properly substitute the four new defendants under Mississippi Rule of Civil Procedure 9(h). In my view, that certainly does not equate to a “decision on the merits,” in which the claims against the four defendants at issue were “actually litigated.” See, e.g., Harrison, 891 So.2d at 229 (“[T]here must have been a right adjudicated or released in the first suit to make it a bar, and this fact must appear affirmatively. ... [I]f the first suit was dismissed for defect of pleadings, or parties, or a misconception of the form of proceeding, or the want of jurisdiction, or was disposed of on any ground which did not go to the merits of the action, the judgment rendered will prove no bar to another,suit.”) (quoting Costello v. United States, 365 U.S. 265, 285, 81 S.Ct. 534, 544, 5 L.Ed.2d 551 (1961)).
¶ 30. Because I find that Carpenter II is not barred by the doctrines of claim-splitting or res judicata, I would reverse the trial judge’s decision to that effect.[13]
KITCHENS AND KING, JJ., JOIN THIS OPINION.

. The trial judge’s Order dismissing Carpenter , I dismissed Kenneth Thompson Builders, Coastal Masonry, Pro Mow Lawn Care and Capital Security Services only. Carpenter’s action against MDOT, Mallette Brothers Construction and McCool Contractors remains pending.

. The trial judge entered a memorandum Order of Dismissal on June 13, 2011, which granted the four defendants’ motion to dismiss. She later entered another order of dismissal that certified the .judgment as final under Rule 54(b) on June 27, 2011.

.The majority places much emphasis on the following language from Wilner:
Respectfully, the Court of Appeals is mistaken in its assumption that Wilner could have properly named the new partiesen a sepa *829 rate complaint. Had Wilner done this, she would have offended the long-standing principal [sic] of law in Mississippi prohibiting a party from splitting a cause of action into the subject of two different actions, reaching back to this Court’s decision in Kimball v. Louisville and Nat'l R.R. Co., 94 Miss. 396, 48 So. 230 (1909).
Wilner, 929 So.2d at 320.

. The Wilner Court cited two other opinions in support of its claim-splitting dicta as well. Wilner, 929 So.2d at 320. But, just as in Kimball, those cases are inapposite to our factual scenario here. In Harrison v. Chandler-Sampson Ins., Inc., the Court addressed whether res judicata barred a plaintiff’s third suit against the, same defendant. Id. at 226-228, And in Alexander v. Elzie, 621 So.2d 909 (Miss. 1992), the Court found that a plaintiff was barred on res judicata and collateral es-toppel grounds' from pursuing a ’ claim for personal injuries against an insurer who previously had been 'found liable for property damage. Id. at 909.

. To the extent that Carpenter II was dismissed based on priority jurisdiction, I disagree with that finding as well. "Priority jurisdiction typically applies when the same lawsuit has been filed in two different courts, not in the same court. More importantly, that doctrine presupposes a pending action that the plaintiff can proceed upon and obtain ‘adequate relief.’”. Compere v. St. Dominic Jackson Mem'l Hosp., 71 So.3d 607, 610 (Miss.2011).