BARNES, J.,
for the Court:
¶ 1. The case originated from a “slip- and-fall” injury Delfenia Rainey allegedly sustained in 2004 while at what was formerly called the Grand Casino Tunica in Tunica, Mississippi. Rainey filed suit against Grand Casinos, Inc., Caesars Entertainment, Inc. and Harrah’s Operating Company (collectively the “Defendants”). This is an appeal from the grant of the Defendants’ motion for summary judgment finding that Rainey had not sued the proper defendant. This Court finds that the circuit court was correct in determining that the incorrect defendants had been sued but erred in failing to rule on the *1201 Plaintiffs motion to amend her complaint; therefore, the judgment must be remanded for further proceedings consistent with this opinion.
FACTS AND PROCEDURAL HISTORY
¶ 2. Rainey filed her original complaint for negligence on July 30, 2007, naming Grand Casinos, Inc., Caesars Entertainment, Inc., and Harrah’s Operating Company as defendants. In her complaint, she alleges that “at all times pertinent to the incident [Grand Casino in Tunica, Mississippi] was owned, operated and in the care, custody and control of the Defendants .... ” In their answer, the Defendants countered that they “are foreign corporations licensed to do business within the State of Mississippi, but who do not and never have done business as the Grand Casino and Hotel in Tunica, Mississippi.” Discovery then proceeded.
¶ 3. Nearly two years after Rainey had filed her complaint, the Defendants filed a motion for summary judgment on April 1, 2009, arguing that none of the Defendants owned or operated what was formerly called the Grand Casino Tunica at the time of the incident and that Rainey had sued the wrong entity; thus, the Defendants could not be liable.
¶ 4. In her response to the motion for summary judgment, Rainey maintained that she had sued the proper defendants and that she had provided “documentary evidence” to support this contention. Rai-ney attached to her response an article from the Internet site Wikipedia regarding “Harrah’s Casino Tunica” which stated that it was formerly “Grand Casino Tuni-ca” and gave an ownership history.[1] Also attached was an affidavit from one of her attorneys, stating he performed an Internet search “to document” the information in the Wikipedia article. These documents were also attached as exhibits to the response, and they included various pages pertaining to the three Defendants from the web site of the Mississippi Secretary of State regarding its business-services office.[2]
¶ 5. On July 8, 2009, a hearing on the motion was held. The circuit court held its ruling in abeyance, allowing the parties time to supplement their arguments with additional research and briefing. The Defendants filed their supplemental response, and they maintained Rainey had sued the wrong defendants. Attached to their response was a warranty deed conveying the casino property at issue to BL Development Corporation in 1993, and three gaming licenses from 2000 until 2009, all issued to BL Development Corporation.[3] Also, the Defendants noted that BL Development Corporation holds itself out publically as the owner and operator of Grand Casino Tunica, and they listed numerous pending cases in which it is named as a *1202 party in the Tunica County Circuit Court. The Defendants discounted Rainey’s attempt to lead the circuit court to conclude that Grand Casinos, Inc. and Caesars Entertainment, Inc. were the “parent corporations” of Grand Casino Tunica, and they argued that even if they were the “parent corporation” of BL Development Corporation, this fact would not make the Defendants liable.
¶ 6. Soon thereafter, on July 22, 2009, Rainey filed her supplemental response, a motion to amend her complaint under Mississippi Rule of Civil Procedure 15(c), and an amended complaint, omitting the named defendants and naming “BL Development, Inc. D/B/A Grand Casino” as the sole defendant.
¶ 7. On August 20, 2009, the circuit court issued an order granting the Defendants’ motion for summary judgment, stating the Defendants had provided further documentation showing their lack of ownership and control over the casino at issue. Additionally, the circuit court stated it had not received any further evidence from Rainey showing the Defendants had any interest in Grand Casino Tunica at the time the alleged injury occurred. Rainey filed a motion to amend or vacate the summary judgment because, due to a clerical error, Rainey’s supplemental brief had only been sent to the Defendants, and not to the judge. On September 14, 2009, the circuit court issued a supplemental order, explaining that it had now considered Rainey’s supplemental brief, affirmed its grant of Defendants’ motion for summary judgment, and denied Rainey’s motion to alter or amend the judgment. The circuit court also found that the statute of limitations had expired; thus, the court could not allow the amended complaint to relate back under Rule 15(c); therefore, Rainey’s attempt to name a new defendant was procedurally barred. Additionally, the circuit court erroneously stated that Rainey had not filed a motion to amend the complaint. Finally, the circuit court found that Rainey did not use “reasonably diligent efforts, as required under Rule 9(h) and Rule 15 of the Mississippi Rules of Civil Procedure, to find the correct Defendant.” Rainey now appeals, raising two issues: whether the circuit court erred in (1) granting summary judgment and dismissing the case based on the failure to serve process on the proper party, BL Development Corporation and (2) denying Rainey’s motion to amend her complaint.
STANDARD OF REVIEW
¶ 8. The standard of review for the circuit court’s grant of summary judgment is de novo. Wilner v. White, 929 So.2d 315, 318-19 (¶ 3) (Miss.2006) (citing Satchfield v. R.R. Morrison & Son, Inc., 872 So.2d 661, 663 (¶ 5) (Miss.2004)). The evidence must be viewed in the light most favorable to the non-moving party. Id. If there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law, summary judgment should be granted to the moving party. Id. (citing Price v. Purdue Pharma Co., 920 So.2d 479, 483-84 (1110) (Miss.2006)). If the motion is made and supported under Mississippi Rule of Civil Procedure 56, the non-moving party cannot rest on mere allegations or denials of the pleadings, but must set forth specific facts showing there is a genuine issue for trial. Id. (citing Stuckey v. Provident Bank, 912 So.2d 859, 864 (¶ 8) (Miss.2005)). If any triable issues of fact exist, the circuit court’s grant of summary judgment will be reversed. Id. (citing Miller v. Meeks, 762 So.2d 302, 304 (¶ 3) (Miss.2000)).
ANALYSIS
¶ 9. The only question before this Court is whether the grant of the Defendants’ *1203 motion for summary judgment is proper. We note the motion for summary judgment was only based upon whether Rainey sued the proper Defendants, not upon whether her amended complaint was time-barred, which would entail an analysis of Rule 15(c). In its order, however, the circuit court discussed why the amended complaint cannot “relate back” to the original complaint under Rule 15(c) and is time-barred. Accordingly, we shall first discuss the propriety of the grant of summary judgment and then the circuit court’s statements about Rainey’s proposed amended complaint.
1. Motion for Summary Judgment
¶ 10. Rainey raises the issue of whether the circuit court improperly dismissed the case upon granting summary judgment, but he also relates this issue to the failure of service of process on the proper defendant, BL Development Corporation. However, failure of service of process is not at issue before this Court; the issue was not raised before the circuit court and was not a basis for summary judgment. Our discussion shall be limited accordingly.
¶ 11. In their motion for summary judgment, the Defendants argued that they did not own or operate what was formerly called the Grand Casino Tunica at the time of the incident; thus, Rainey had sued the wrong entity, and the Defendants could not be liable. Attached to their motion was an affidavit by a representative of Harrah’s Operating Company, stating that at no time have the three named corporate defendants owned or operated the casino property described in Ramey’s complaint.
¶ 12. Rainey responded to the motion by insisting that she had named the proper Defendants because Caesars Entertainment managed the casino when her injuries occurred. However, she claimed Caesars Entertainment merged with Harrah’s Operating Company before the lawsuit was filed; thus, both entities were properly sued under the doctrine of “transfer of liabilities” in corporate law. Rainey does not explain why she sued Grand Casino, Inc. Additionally, Rainey stated that she had provided “documentary evidence” in the form of a Wikipedia article on the corporate history of Harrah’s Casino Tuni-ca (which the article states was “formerly Grand Casino Tunica”). She contended that she had proved the Wikipedia article’s factual validity with various corporate documents on the three entities, using information from the Mississippi Secretary of State’s web site. Also, Rainey made the statement that her original complaint “amply meets the requirements” of Rule 9(h) and (i), dealing with fictitious or unknown parties, and that Rule 15(c) permits amendment of the complaint under Rule 9. However, at this point, Rainey made no attempt to amend her complaint.
¶ 13. A hearing was then held on the motion for summary judgment, and the circuit court requested supplemental briefing on the issue of the identity of the proper owner of what formerly was the Grand Casino Tunica.[4] It was not until the Defendants filed their supplemental reply to Rainey’s response to the summary-judgment motion, providing the name of the proper defendant, BL Development Corporation, that Rainey filed a proposed amended complaint which excluded the original three defendants and named BL Development Corporation as sole defendant. Rainey argued in her supplemental response that since service of process was obtained on Grand Casino, Inc., BL Development Corporation had no *1204 tice of the action and the complaint’s amendment should be allowed. Further, Rainey contended that amendment of the complaint should be allowed to relate back to the date of the original pleading under Rule 15(c) because she was merely correcting an error “made by counsel in reliance on public information” and was not substituting a party.
¶ 14. We find no genuine issue of material fact in the record regarding whether Rainey sued the wrong defendants. The Defendants met their burden of proof by providing sufficient evidence that they lacked ownership and control over the Grand Casino Tunica and that BL Development Corporation, and not the three named defendants, was “doing business as” the Grand Casino Tunica. Rainey did not set forth any facts to rebut this proof.
¶ 15. Rainey notes in her brief before this Court that it was to her detriment to rely on information from a Wikipedia article as “evidence” of the corporate history of the Defendants. We agree. Wikipedia defines itself as “the free encyclopedia that anyone can edit.” The articles written in Wikipedia are collaborative and authored anonymously; thus, any information found on Wikipedia may not be reliable and should be viewed with scepti-cism. See R. Jason Richards, Courting Wikipedia, 44 Trial 62 (Apr.2008) (“Since when' did a web site that any Internet surfer can edit become an authoritative source by which ... experts could provide credible testimony, lawyers could craft legal arguments, and judges could issue precedents?”).
¶ 16. We find no error in the circuit court’s grant of summary judgment in favor of the three originally named Defendants.
2. The Amended Complaint
¶ 17. The circuit court incorrectly stated that there was no motion to amend the complaint and thus it did not rule upon the motion in its order. However, the record shows Rainey did file a motion to amend her complaint under Rule 15(c) on July 22, 2009, along with a proposed amended complaint and a supplemental response to the Defendant’s motion for summary judgment. Rainey’s motion to amend the complaint was filed before the circuit court’s ruling on summary judgment was entered. As such, we find it necessary to remand this case for a ruling on Rainey’s motion to amend her complaint.
¶ 18. Rule 15(c) governs amended pleadings and states:
Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by Rule 4(h) for service of the summons and complaint, the party to be brought in by amendment:
(1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining the party’s defense on the merits, and
(2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.
Thus, when an amended complaint changes a named defendant, as is the case here, three requirements must be met:
(1) the claim in the amended complaint must arise out of the same conduct, transaction, or occurrence as that set *1205 forth in the original complaint; (2) the newly-named defendant must have received notice of the action within the 120 days [in Rule 4(h) ]; and, (B) the newly-named defendant must have or should have known that an action would be brought against him within the 120 days unless a mistake existed as to the parties’ identities.
Ralph Walker, Inc. v. Gallagher, 926 So.2d 890, 894-95 (¶ 6) (Miss.2006). Rainey makes several arguments regarding how these factors were met, such as the original and amended defendant corporations having the same officers, the same ownership of stock, and interlocking boards. However, none of this evidence is in the record before us. Thus, we find the record is insufficient to determine whether the motion to amend is proper under the factors of Rule 15(c).
¶ 19. Additionally, we find it necessary to remark upon two statements made by the circuit court in its supplemental order about Rainey’s amended complaint since we are remanding the case for further review on the motion to amend. First, the circuit court stated that if an amended complaint is filed after the statute of limitations has run, regardless of when the motion to amend is made, the statute of limitations bars the newly named defendants, and the circuit court cannot allow the amended complaint to “relate back.” This is incorrect, for this is exactly the situation Rule 15(c) was designed to prevent. If the factors under Rule 15(c) are met, then the amended complaint will “relate back” to the date of the original complaint and not be barred by the statute of limitations. See Bedford Health Props., LLC v. Estate of Williams, 946 So.2d 335, 354 (¶ 59) (Miss.2006) (Some of the newly named defendants in an amended complaint were allowed to relate back to original complaint under Rule 15(c); thus, the amended complaint is not barred by statute of limitations.); Estes v. Starnes, 732 So.2d 251, 253-54 (¶ 8) (Miss.1999) (Circuit court erred by not allowing the plaintiff to amend complaint where the wrong party was named when factors under Rule 15(c) were met.); Brown v. Winn-Dixie Montgomery, Inc., 669 So.2d 92, 96-97 (Miss.1996) (Complaint amended to name proper corporate entity and found to relate back under Rule 15(c) to the date of original complaint and, thus, were not time-barred under statute of limitations.); Mieger v. Pearl River County, 986 So.2d 1025, 1027-29 (¶ 11-13) (Miss.Ct.App.2008) (Circuit court found in error because the amended complaint related back to original complaint under Rule 15(c) and was not time-barred.).
¶ 20. Second, the circuit court stated that Rainey was not “reasonably diligent” in trying to ascertain the proper defendants “as required by Rule 9(h) and Rule 15.” We note at the outset that Rainey’s amended complaint does not fall under Rule 9(h), as the Defendants argue on appeal. Rule 9(h) is for “fictitious parties” and allows pleadings to be amended when a party “is ignorant of the name of an opposing party and so alleges in his pleading.” Wilner v. White, 929 So.2d 315, 322 (¶ 7) (Miss.2006) (quoting M.R.C.P. 9(h)) (emphasis added). Rule 9(h) allows for the opposing party to be designated “by any name, and when his true name is discovered the process and all pleadings ... may be amended by substituting the true name.... ” M.R.C.P. 9(h). A Rule 9(h) amendment does not change the name of a party against whom a claim is asserted; it provides the true name of the party already in the litigation. Price v. Clark, 21 So.3d 509, 525 (¶ 43) (Miss.2009). “In order for Rule 9(h) to apply, there must be a substitution of a true party name for a *1206 fictitious one.” Wilner, 929 So.2d at 322 (¶6).
¶ 21. That is not the case here. Rai-ney’s amended complaint does not fall under Rule 9(h) because she named no fictitious parties in her original complaint that she wished to substitute with BL Development Corporation. Additionally, we find no merit to Rainey’s argument that Rule 9(h) applies because she used the “fictitious name” of “such corporation” in a catch-all phrase found within the body of her complaint, which stated: “Plaintiff further names as Defendants, any and all such corporation or corporations, at the time of the filing of this Complaint....” (Emphasis added.) This statement is not sufficient for the naming of fictitious parties under Rule 9(h). Rainey sought to change the already named Defendants, which falls under Rule 15(c).
¶ 22. Moreover, the “reasonable-diligence” standard does not apply since this is a Rule 15(c) case where Rainey is changing a party, not substituting a fictitious party. “Reasonable diligence is a standard only for determining the efforts made to discover the true identity of a named fictitious party under Rule 9(h).” Wilner, 929 So.2d at 323 (¶ 7). However, we note that neither Rainey nor the Defendants was diligent in this case. Rainey did not take any action, or even acknowledge she had sued the wrong defendants for approximately two years, even after the Defendants advised Rainey in their answer that she had filed suit against the wrong defendants. On the other hand, it is perplexing why the Defendants waited to file their motion for summary judgment for nearly two years after the complaint had been filed.
¶ 23. Because the circuit court never ruled on Rainey’s motion to amend her complaint and the record before us is insufficient to determine whether it would be proper under Rule 15(c) to amend the complaint, we remand the case for the circuit court to rule on the motion to amend.
¶ 24. THE JUDGMENT OF THE CIRCUIT COURT OF TUNICA COUNTY IS AFFIRMED IN PART, REVERSED AND REMANDED IN PART FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED ONE-HALF TO THE APPELLANT AND ONE-HALF TO THE AP-PELLEES.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR. CARLTON, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION.

. In her response, Rainey explained the following corporate history, which is a part of the Wikipedia article. In 1998, Grand Casino Tunica’s original owner was Grand Casino, Inc., which sold its interest in Grand Casino to Park Place Entertainment. In January 2004, Park Place changed its name to Caesars Entertainment, Inc., which then merged with Harrah’s Operating Co., Inc., which became the management company for the enterprise.

. These documents from the Mississippi Secretary of State's web site on the three Defendants include filing histories, a corporate annual report, a name change form, certificates of incorporation, and a registry history, all of which Rainey claim supported the information found in the Wikipedia article about Har-rah’s Casino Tunica.

.Two of the three gaming licenses were issued to "BL Development Corp. D/B/A Grand Casino Tunica.” The other gaming license was issued to "BL Development Corp.”

. We note there is no transcript of the hearing in the record.