ISHEE, J.,
for the Court:
¶ 1. Randall and Ruth Kimbrough were attacked on their property by two pit bulls that lived in a rental house across the street. The Kimbroughs filed a negligence suit in the Jackson County Circuit Court against the tenant and the landlords of the rental property. The property was owned by the Will Ray Keenum and Delores Fer-reres Keenum Revocable Inter Vivos Trust (the landlords). The landlords filed a motion for summary judgment, which the trial court granted. The trial court held that the law does not impose a duty on a landlord to protect others from dog attacks which occur on property outside of the landlord’s ownership and control.
*739 ¶2. The Kimbroughs appeal, arguing that the trial court erred by granting the landlords’ motion for summary judgment. The Kimbroughs also claim six more errors, all of which involve the issue of whether the landlords owed a duty of reasonable care to the Kimbroughs. We have combined the Kimbroughs’ arguments into one discussion. We find that the trial court did not err in refusing to expand a landlord’s duty of care to property outside of its ownership and control. Thus, we affirm the trial court’s judgment.
STATEMENT OF FACTS
¶3. On April 15, 2007, two pit bulls attacked the Kimbroughs on their property. The pit bulls resided in the rental property across the street from the Kim-broughs’ residence. Delores Keenum (Keenum), the widow of Will Ray Keenum, served as trustee of the Trust and in such capacity, managed the property. Kee-num’s daughter, Margarete Younts, leased the property from the Trust. The pit bulls were owned by Tommy Weaver, Younts’s boyfriend, who lived with Younts.
¶4. The Kimbroughs contend that the pit bulls had previously chased and attacked two young boys in the neighborhood while the children were riding their bikes. The boys escaped by climbing onto the roof of a van that was parked on the street. The facts are in dispute as to whether Keenum knew about the first dog attack. However, one of the neighbors stated in her deposition that: she had informed Keenum about the attack, and Keenum warned the neighbor to stay off of the property.
¶5. After the attack, the Kimbroughs sued Younts, the Trust, and Keenum for negligence, arguing that all of the defendants owed a duty to protect the Kim-broughs from the dangerous propensities of the pit bulls.
¶ 6. At trial, Keenum testified that the Trust owned the property where the pit bulls lived, but Younts rented the property. Keenum admitted that she had the right to ban pets from the properties she rented, but she did not prohibit Younts from keeping the pit bulls on the property. Neither party disputes that Weaver, Younts’s live-in boyfriend, owned the dogs.
¶ 7. Keenum filed a motion for summary judgment. The Trust also filed a joinder to Keenum’s motion. After a hearing, the trial court granted the motion, stating that the defendants owed no duty to the plaintiffs regarding the pit bulls because the attack occurred on the Kimbroughs’ property, which was outside of the defendants’ ownership and control. The case against Younts was stayed pending the outcome of this appeal.[1]
¶8. The Kimbroughs now appeal the trial court’s decision, asking that the case be remanded back to the trial court for a trial on the merits. They argue that the trial eourt erred by granting summary judgment in favor of the defendants in ruling that the defendants did not owe a duty of reasonable care to the Kim-broughs.
STANDARD OF REVIEW
¶ 9. We review a circuit court’s grant of summary judgment de novo. Rainey v. Grand Casinos, Inc., 47 So.3d 1199, 1202 (¶ 8) (Miss.Ct.App.2010) (citing Wilner v. White, 929 So.2d 315, 318-19 (¶ 3) (Miss. 2006)). If no genuine issues of material *740 fact exist, then the moving party is entitled to judgment as a matter of law. M.R.C.P. 56(c). We consider the evidence “in the light most favorable to the non-moving party.” Rainey, 47 So.3d at 1202 (¶ 8). “The non-moving party cannot rest on mere allegations or denials of the pleadings, but must set forth specific facts showing there is a genuine issue for trial. If any triable issues of fact exist, the circuit court’s grant of summary judgment will be reversed.” Id.
DISCUSSION
¶ 10. The Kimbroughs argue that the trial court erred by granting the defendants’ motion for summary judgment when it held that the defendants did not owe the Kimbroughs a duty of reasonable care. The Kimbroughs rely on Mongeon v. A & V Enterprises, Inc., 733 So.2d 170, 171 (¶ 5) (Miss.1997) (citing Poy v. Grayson, 273 So.2d 491, 494 (Miss.1973)), to assert that a landlord has sufficient control over the property he or she leases, and when' that landlord knows about the dangerous propensities of a vicious animal, the landlord has a duty to remove the dangerous animal. The Kimbroughs further argue that this Court should recognize the duty of a landlord to third persons for dog bites inflicted off of the landlord’s premises when the dogs are under the control of a tenant, and the landlord has actual knowledge of the dog’s dangerous propensities. We decline to do so.
¶ 11. The existence of a duty is “a question of law to be determined by the court.” Enter. Leasing Co. S. Cent., Inc. v. Bardin, 8 So.3d 866, 868 (¶ 7) (Miss.2009) (quoting Brown ex rel. Ford v. J.J. Ferguson Sand & Gravel Co., 858 So.2d 129, 131 (¶ 9) (Miss.2003)). The plaintiff must prove that a duty exists “to conform to a specific standard for the protection of others against the unreasonable risk of injury.” Id. In a motion for summary judgment, the non-movant must put forth evidence that the movant breached an established duty. Wagner v. Mattiace, 938 So.2d 879, 883 (¶ 11) (Miss.Ct.App.2006).
¶ 12. The Kimbroughs fail to provide authority for the proposition that a landlord can be held liable for injuries occurring on property neither owned nor controlled by the landlord. The majority view holds that landlords are not responsible for dog attacks that occur outside of the leased premises. See Stokes v. Lyddy, 75 Conn.App. 252, 815 A.2d 263 (2003); Tran v. Bancroft, 648 So.2d 314 (Fla.Dist.Ct.App.1995); Fernandez v. Marks, 3 Haw. App. 127, 642 P.2d 542 (1982); Feister v. Bosack, 198 Mich.App. 19, 497 N.W.2d 522 (1993); Shen v. Kornienko, 253 A.D.2d 396, 676 N.Y.S.2d 593 (1998); Shafer v. Beyers, 26 Wash.App. 442, 613 P.2d 554 (1980).
¶ 13. The Mississippi Supreme Court has held that a landlord has a duty to protect against attacks by dogs with known vicious propensities in areas owned by the landlord which are designated for the tenants’ common use. Mongeon, 733 So.2d at 171 (¶ 6). In Mongeon, the dog attack occurred in an area designated for the common use by the inhabitants of a trailer park, which was owned and operated by the defendant. Id.
¶ 14. The attacks in the present case occurred on land that was neither owned or controlled by the landlord. It is undisputed that the dog attacks occurred on the Kimbroughs’ property. It is also undisputed that the dogs were owned by Weaver, Younts’s boyfriend, who lived with Younts in the rental property. Weaver was not a part of the lease agreement.
¶ 15. The trial court correctly noted that Mississippi law, both common and statutory, has yet to extend liability for personal injuries caused by dangerous ani *741 mals beyond its owner and imposes liability upon lessors only for injuries or damages arising on the leased premises. Id. As a matter of law, we find that the defendants did not owe a duty of reasonable care to the Kimbroughs. Thus, any questions of fact as to whether the defendants had knowledge of the dogs’ dangerous propensities are moot.
¶ 16. Alternatively, the Kimbroughs argue that the defendants assumed a duty to protect the Kimbroughs when Keenum admitted in her deposition that she had a duty to protect her neighbors from vicious dogs on her property. To support their argument, the Kimbroughs state that “[a] duty also exists where a party contracts to undertake or otherwise assumes a duty.” Doe ex rel. Doe v. Wright Sec. Servs., Inc., 950 So.2d 1076, 1080 (¶ 13) (Miss.Ct.App. 2007). As noted above, duty is a question of law to be decided by the court. Bardin, 8 So.3d at 868 (¶ 7). No evidence exists in the record that a duty was imposed upon the defendants by contract or that Kee-num voluntarily assumed a duty from the statements she made in her deposition. Thus, this issue is without merit.
CONCLUSION
¶ 17. Viewing the facts as presented by the Kimbroughs in the light most favorable to them, no issues of material fact are raised. The attacks did not occur on property owned and controlled by the landlords. Regardless of whether the landlords had notice at any particular time of the dogs’ dangerous propensities, no legal duty extends to landlords for injuries sustained on property outside of the landlords’ ownership and control. Therefore, we do not make a factual determination; instead, we conclude, as a matter of law, that the facts as presented, even if they were in dispute, were not material to the issue of whether a duty existed. Summary judgment, therefore, was proper.
¶ 18. THE JUDGMENT OF THE JACKSON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, CARLTON AND MAXWELL, JJ„ CONCUR. MYERS, J., NOT PARTICIPATING.

. The circuit court ordered a Rule 54(b) certification, pursuant to the Mississippi Rules of Civil Procedure, directing that a final judgment be entered as to the separate defendants, Delores Keenum and the Will Ray Kee-num and Delores Ferreres Keenum Revocable Inter Vivos Trust. Jurisdiction over this matter, therefore, is proper.