# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CA-01423-COA

MICHAEL BOWERS, REBECCA LYNN BOWERS, AND CODY GARRETT BOWERS        APPELLANTS

v.

MARCUS L. McINTIRE AND GAVIN McINTIRE, A MINOR        APPELLEES

DATE OF JUDGMENT:       09/28/2018
TRIAL JUDGE:       HON. JOHN HUEY EMFINGER
COURT FROM WHICH APPEALED:   MADISON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANTS:   GEORGE McDOWELL YODER III
ATTORNEY FOR APPELLEES:   SAM STARNES THOMAS
NATURE OF THE CASE:   CIVIL - TORTS-OTHER THAN PERSONAL INJURY AND PROPERTY DAMAGE
DISPOSITION:   AFFIRMED - 11/12/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE BARNES, C.J., McCARTY AND C. WILSON, JJ.

### BARNES, C.J., FOR THE COURT:

¶1. Michael (Mike) Bowers, Rebecca Bowers, and Cody Bowers (collectively "the Bowerses") filed a civil complaint in Madison County Circuit Court against George Stephenson, Barrett Adams, Marcus McIntire, Gavin McIntire, and several unnamed defendants, stemming from a violent confrontation between George and Mike that caused serious injury to Mike. The complaint alleged, among other claims, negligence and gross negligence against Marcus and Gavin. After the Bowerses failed to respond to the McIntires' discovery requests, the McIntires filed a motion for summary judgment, arguing they owed no legal duty to the Bowerses. The court granted the motion for summary judgment on May

28, 2018, noting the Bowerses' failure to comply with the court's order regarding discovery and motion deadlines. The Bowerses filed a motion to reconsider and a motion for a continuance to conduct additional discovery. After a motions hearing, the court stated that it had fully considered the merits of the action and had determined that the Bowerses failed to provide sufficient evidence that the McIntires owed a legal duty to the Bowerses. Thus, the circuit court dismissed the Bowerses' complaint with prejudice. The Bowerses appeal the court's decision. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. On September 20, 2015, in Madison County, Mississippi, Mike, Rebecca, and their son, Cody, were removing a boat from Twin Harbors Marina. Gavin and Barrett, minors, were playing loud music nearby. Mike and Cody had a heated verbal exchange with the two boys about turning the music volume down. Gavin and Barrett reported the verbal exchange to their respective parents, Marcus and George. Marcus drove himself, George, Gavin, and Barrett to the Bowerses' home, where George confronted Mike and Cody. It is disputed whether Mike escalated the confrontation by brandishing a firearm. Regardless, George directed Barrett to retrieve a .45-caliber semi-automatic pistol from Marcus's vehicle, and George shot Mike twice at close range, injuring him.[1]

¶3. On September 12, 2016, the Bowerses filed a complaint against George, Barrett, Marcus, Gavin, and John Does 1-10, alleging several causes of action. For the purposes of this appeal, we will only address the negligence claims asserted against the appellees, the

---

[1] George pled guilty to aggravated assault and is currently incarcerated in the Mississippi Department of Corrections.

2

McIntires. The Bowerses' complaint alleged the McIntires owed them the following legal

duties:

A.      Exercising reasonable, prudent discretion with an independent, civilian, private investigation of alleged relevant facts and circumstances;

B.      Exercising reasonable, prudent discretion by contacting law enforcement authorities for an investigation request concerning any probable cause or suspected violations of criminal law;

C.      Exercising reasonable, prudent discretion in the transportation of individuals, including George Willis Stephenson, to the [Bowerses' residence];

D.      Exercising reasonable, prudent discretion in the transportation of angry, emotionally unstable individuals, including George Willis Stephenson, to the [Bowerses' residence];

E.      Exercising reasonable, prudent discretion in permitting George Willis Stephenson transportation, while George Willis Stephenson possessed a .45 caliber semi-automatic firearm;

F.      Exercising reasonable, prudent discretion by calling Emergency 911, and requesting assistance from law enforcement officers and professional medical service providers, including an ambulance, given the emotional instability and anger displayed by George Willis Stephenson;

G.      Exercising reasonable, prudent discretion in the transportation of a firearm in the vehicle owned and operated by Defendant Marcus L. McIntire;

H.      Exercising reasonable, prudent discretion in failing to safely secure a firearm in the vehicle owned and operated by Defendant Marcus L. McIntire; and

I.      Exercising reasonable, prudent discretion in determining the credibility of minors, when Defendant Marcus L. McIntire knew, or with reasonable diligence should have known that Gavin McIntire, and Barrett Abrams lacked credibility for truthful representations of fact.

¶4. The circuit court entered an "Order Regarding Motion Hearings and Briefing" on September 23, 2016, which provided that "all motions, except at the Court's discretion, should be determined without oral arguments" and that "the parties should be required to timely file memorandum or briefs as ordered herein." The order further noted that "with respect to motions to dismiss or for summary judgment[,] the parties should be required to comply with the memorandum or briefing schedule set forth in [Uniform Rules of Circuit and County Court] 4.03.2"[2]

¶5. On January 27, 2017, the McIntires filed notices of discovery and propounded interrogatories to the Bowerses. Counsel for the McIntires sent an email to the Bowerses' attorney on April 18, 2017, asking for responses to the discovery requests. Although the Bowerses' attorney replied that the responses were forthcoming, the McIntires received nothing; so the McIntires' counsel sent a followup email and filed a motion to compel discovery on August 7, 2017.

¶6. On October 26, 2017, the McIntires filed a motion for summary judgment, arguing that they owed no legal duty to the Bowerses. The circuit court granted the McIntires' motion to compel discovery on December 13, 2017, and ordered the Bowerses "to fully and completely respond to the written discovery" within ten days. The Bowerses filed a motion for a protective order on December 23, 2017, explaining they had been unsuccessful in obtaining records from law enforcement and requesting relief from the motion to compel. On February 7, 2018, the circuit court entered a second order regarding motions and briefing,

---

[2] This rule has since been amended and renumbered as Rule 4.02.

which was identical to its prior order entered in September 2016.

¶7. The circuit court granted the McIntires' motion for summary judgment on May 25, 2018, noting that the plaintiffs had "failed to file a response as required by the [c]ourt's orders." That same day, the Bowerses filed a motion to reconsider and submitted their responses to the interrogatories. The Bowerses also filed a motion for a continuance to conduct further discovery under Mississippi Rule of Civil Procedure 56(f). On August 24, 2018, the court held the motions in abeyance.

¶8. A motions hearing was held on September 5, 2018. Noting the "extremely limited circumstances where one person may be liable for the criminal acts of another," the court concluded that the Bowerses had not produced evidence to create a genuine issue of material fact as to whether the McIntires owed any duty to the Bowerses. The circuit court denied the Bowerses' motion to reconsider and their motion to conduct further discovery on September 28, 2018, and entered a final judgment under Mississippi Rule of Civil Procedure 54(b), dismissing the complaint with prejudice.

**DISCUSSION**

I.    **Whether the circuit court erred in granting the motion for summary judgment.**

¶9. A circuit court's decision to render summary judgment is reviewed de novo. *Lindsey v. Ford Motor Co.*, 271 So. 3d 757, 761 (¶5) (Miss. Ct. App. 2018). "Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party, 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

5

moving party is entitled to a judgment as a matter of law.'" *Id*. at 760 (¶5) (quoting M.R.C.P. 56(c)). The movant bears "the burden of demonstrating no genuine issue of material fact exists[,]" and "[t]he evidence is viewed in the light most favorable to the party opposing the motion." *Newsome v. Peoples Bancshares*, 269 So. 3d 19, 25 (¶12) (Miss. 2018) (quoting *Kinney v. S. Miss. Planning & Dev. Dist. Inc.*, 202 So. 3d 187, 192 (¶13) (Miss. 2016)).

¶10. In rendering summary judgment on May 25, 2018, the circuit court cited the Bowerses' failure to respond to the summary-judgment motion. The court's September 23, 2016 order specifically stated that "with respect to motions to dismiss or for summary judgment[,] the parties should be required to comply with the memorandum or briefing schedule set forth in [Uniform Rules of Circuit and County Court] 4.03.2." The order further provided that "the responding party shall be and hereby is placed on notice that the failure to timely respond [to] the motion may result in the motion being granted prior to the date the motion has been noticed for hearing."

¶11. The Mississippi Supreme Court has rejected the granting of summary judgment and dismissal of a complaint on this basis. In *Palmer v. Biloxi Regional Medical Center Inc.*, 564 So. 2d 1346, 1356 (Miss. 1990), the supreme court held:

> The first reason for which the trial judge granted Wooten's motion [for summary judgment] concerned Palmer's failure to respond to discovery. Indeed, Palmer's conduct was so egregious that even a harsh sanction as dismissal may seem warranted. However, a dismissal on this basis under Rule 56 is procedurally erroneous.
>
> Dismissal under Rule 56 can only be based on the insufficiency of evidence—not on violation of procedure.

(Emphasis omitted). While the Bowerses failed to respond to the motion for summary

6

judgment, they did file a motion for a protective order on December 23, 2017, explaining that they were having difficulty obtaining the records that the McIntires requested.

¶12. However, the court's order granting the motion for summary judgment also stated: "Having now *fully considered the matters presented*, the [c]ourt finds that the motion is well taken and should be granted." (Emphasis added). At the September 2018 motions hearing, the circuit judge clarified that he had rendered summary judgment based on his finding "that the plaintiffs had not produced summary judgment proof to create a genuine issue of material fact as to the existence of a duty, of any duty that the McIntires owed to the plaintiffs."

¶13. "Whether a duty exists in a negligence case is a question of law to be determined by the court, not a question of fact for the jury." *Doe v. Hunter Oaks Apartments L.P.*, 105 So. 3d 422, 425 (¶9) (Miss. Ct. App. 2013) (citing *Kimbrough v. Keenum*, 68 So. 3d 738, 740 (¶11) (Miss. Ct. App. 2011)). The Bowerses' complaint alleged that the McIntires were negligent in bringing George to the Bowerses' home with knowledge that he was violent, unstable, and possessed a firearm, and for failing to summon emergency assistance after the shooting. "Common law traditionally has not imposed a broad duty upon individuals to control the conduct of others." *Warren ex rel. Warren v. Glascoe*, 852 So. 2d 634, 639 (¶17) (Miss. Ct. App. 2003). Typically, a person does not have a duty to control the conduct of a third person and prevent him from physically harming another unless: "(a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct[;] or (b) a special relation exists between the actor and the other which gives to the other a right to protection." *Doe*, 105 So. 3d at 426 (¶12) (quoting

7

Restatement (Second) of Torts § 315 (1965)). As the circuit court concluded, the Bowerses failed to prove "that such a condition exist[ed] or that the McIntire defendants had any knowledge to cause or anticipate such action." Therefore, we find no error in the court's determination that there was insufficient proof to create a genuine issue of material fact as to whether the Mcintires "owed any duty to the plaintiffs in this case."

> **II. Whether the circuit court erred in denying the motion to reconsider and the motion for a continuance for additional discovery.**

¶14. The Bowerses contend the circuit court erred in denying their motion to reconsider and motion for a continuance to conduct further discovery. We find no error in the court's denial of the Bowerses' motion to reconsider. "A motion to set aside or reconsider an order granting summary judgment will be treated as a motion under [Mississippi] Rule [of Civil Procedure] 59(e)." *Handy v. Madison Cty. Nursing Home*, 192 So. 3d 1005, 1011 (¶21) (Miss. 2016) (quoting *Brooks v. Roberts*, 882 So. 2d 229, 233 (¶15) (Miss. 2004)). "The movant has the burden to show '(i) an intervening change in controlling law, (ii) [the] availability of new evidence not previously available, or (iii) [a] need to correct a clear error of law or to prevent manifest injustice.'" *Id*. Here, the Bowerses have made no claim of an intervening change in the law or that any evidence submitted with their motion to reconsider was not previously available to them. Nor have they demonstrated that reconsideration was necessary to correct a clear error of law. The motion simply argued that the Bowerses "misunderstood" the court's instructions and briefing order and requested additional opportunity for discovery.

¶15. With regard to the motion for a continuance to conduct further discovery, Rule 56(f) provides:

> When Affidavits Are Unavailable. Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such order as is just.

However, "Rule 56(f) is not meant to afford protection to the dilatory litigant." *Maxwell v. Baptist Mem'l Hosp.-DeSoto Inc.*, 15 So. 3d 427, 436 (¶21) (Miss. Ct. App. 2008). The Bowerses had several months to respond to both the McIntires' motion for summary judgment and their discovery requests; they likewise had months to schedule depositions and conduct discovery of their own. They failed to do so, ignoring the McIntires' motion and their discovery requests. We find no error in the court's decision to deny the Bowerses' belated Rule 56(f) motion.

¶16. Accordingly, we affirm the circuit court's grant of summary judgment and dismissal of the complaint with prejudice.

¶17. **AFFIRMED.**

**CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**